UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

KATHLEEN BRIGGETTE,         )
                            )
    Plaintiff               )
                            )
v.                          )    No. 2:13-cv-301-GZS
                            )
CAROLYN W. COLVIN, Acting   )
Commissioner of Social Security, )
                            )
    Defendant               )

# REPORT AND RECOMMENDED DECISION[1]

This Social Security Disability ("SSD") appeal presents the questions of whether the administrative law judge gave sufficient consideration to certain medical reports and provided good reasons for rejecting the opinions of treating sources, whether she erred in assigning no limitations as a result of a certain severe impairment and in failing to consider the side effects of medications, and whether she properly evaluated the plaintiff's credibility. Finding no error, I recommend that the commissioner's decision be affirmed.

In accordance with the commissioner's sequential evaluation process, 20 C.F.R. § 404.1520; *Goodermote v. Secretary of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the administrative law judge found, in relevant part, that the plaintiff suffered from bipolar disorder, degenerative lumbar disc disease, sacroiliitis, bilateral carpal tunnel syndrome (right

---

[1] This action is properly brought under 42 U.S.C. § 405(g). The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2), which requires the plaintiff to file an itemized statement of the specific errors upon which she seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office, and the commissioner to file a written opposition to the itemized statement. Oral argument was held before me on June 11, 2014, pursuant to Local Rule 16.3(a)(2)(D), requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record.

1

greater than left and status post bilateral release procedures), breast cancer (status post surgery and without evidence of recurrence), and fibromyalgia, impairments that were severe but which, considered separately or in combination, did not meet or medically equal the criteria of any impairment listed in Appendix 1 to 20 C.F.R. Part 404, Subpart P (the "Listings"), Findings 3-4, Record at 29-30; that she retained the residual functional capacity ("RFC") to perform work at the sedentary exertional level, except that she could stand and walk for two hours, could occasionally perform all postural activities (balancing, climbing, stooping, crouching, crawling, kneeling), could frequently (but not constantly) handle with her upper extremities, must avoid use of vibratory hand-held tools and workplace hazards, could understand, remember, and carry out simple, repetitive instructions, and would need to avoid work with the general public, but could interact appropriately with co-workers and supervisors, Finding 5, *id*. at 32; that she was unable to perform any past relevant work, Finding 6, *id*. at 37; that, given her age (45 on the alleged date of onset of disability, April 1, 2010), at least high school education, work experience, and RFC, using the Medical-Vocational Rules in Appendix 2 to 20 C.F.R. Part 404, Subpart P (the "Grid") as a framework for decision-making led to the conclusion that there were jobs existing in significant numbers in the national economy that the plaintiff could perform, Findings 7-10, *id*. at 38; and that, therefore, she had not been under a disability, as that term is defined in the Social Security Act, from April 1, 2010, through the date of the decision, April 26, 2012, Finding 11, *id*. at 39. The Appeals Council declined to review the decision, *id*. at 3-5, making it the final determination of the commissioner. 20 C.F.R. § 404.981; *Dupuis v. Secretary of Health & Human Servs.*, 869 F.2d 622, 623 (1st Cir. 1982).

  The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence. 42 U.S.C § 405(g); *Manso-Pizarro v. Secretary of Health &*

*Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996). In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion drawn. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Rodriguez v. Secretary of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The administrative law judge reached Step 5 of the sequential evaluation process, at which stage the burden of proof shifts to the commissioner to show that a claimant can perform work other than her past relevant work. 20 C.F.R. § 404.1520(g); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Goodermote*, 690 F.2d at 7. The record must contain substantial evidence in support of the commissioner's findings regarding the plaintiff's RFC to perform such other work. *Rosado v. Secretary of Health & Human Servs.*, 807 F.2d 292, 294 (1st Cir. 1986).

## I. Discussion

### A. Medical Opinions

The plaintiff first argues that the administrative law judge wrongly failed to address "some of the important limitations" assigned to her by her treating medical sources and failed to give good reasons for rejecting the opinions of Dr. Melissa Ifantides and Virginia Lawrence, a psychiatric nurse practitioner. Plaintiff's Itemized Statement of Errors ("Itemized Statement") (ECF No. 17) at 4.

In the course of discussing the medical evidence, the administrative law judge preliminarily addressed Dr. Ifantides as follows:

> Records from primary care doctor Melissa Ifantides, D.O. date back to October 2007 and establish that the claimant has a history of bipolar disorder, but was stable on 20 mg Lexapro daily (Exhibit 20F). She also has a history of generalized pain, which was eventually diagnosed as fibromyalgia . . .; and she reported taking Ambien for sleep. . . . Dr. Ifantides prescribed Cymbalta and Darvocet for her fibromyalgia and musculoskeletal pain, which the claimant reported "does give her some improvement" (*Id*. at page 13).

3

Record at 33. With regard to plaintiff's pain management, the administrative law judge wrote:

> Records from Dr. Ifantides in October 2010 indicate that the claimant's pain management is now overseen by Dr. Kahn in the pain clinic (Exhibit 24F); and her psychotropic medications were now being prescribed by Dr. Jones at Broadleaf Behavioral Health . . . . Dr. Ifantides continued to see the claimant for her general medical care; and her notes reflect that the claimant has remained stable. In a report dated July 28, 2911, Dr. Ifantides stated that the claimant should be limited to lifting and carrying no more than five pounds and "cannot stay in any one position for any length of time" (Exhibit 21F). When asked to cite supporting findings for such limitations, she noted "degenerative changes seen on x-ray of lumbar spine" (*Id*. at page 2). She further stated that the claimant would be absent from work more than twice per month; and that her medications cause fatigue, headaches and restlessness. While Dr. Ifantides is the claimant's primary care physician, she acknowledged that the claimant's musculoskeletal pain was now being managed by Dr. Kahn in the pain clinic, since July 2008 (See Exhibit 11F and 20F at page 13). Thus, she has not managed the claimant's pain in at least three years and is not in the best position to evaluate the claimant's functional capacity. While her opinion is useful, it is not persuasive in that the limitations cited in her report do not reflect the fact that the claimant has derived good relief of her pain with Dr. Kahn, according to this records.

Record at 34. The administrative law judge also addressed Dr. Ifantides' suggestion that Listing 1.04 was met:

> There is also an undated notation by Dr. Ifantides indicating that she feels the claimant's spine impairment is severe enough to meet listing 1.04 (Exhibit 14F at page 7). This cannot be accepted—first and foremost, the criteria of listing 1.04 are NOT met in this case—there is no objective medical evidence to indicate nerve root compression with associated motor loss and sensory/reflex loss; or spinal arachnoiditis confirmed by pathology; or lumbar spinal stenosis resulting in pseudoclaudication,, confirmed by appropriate imaging studies and resulting in an inability to ambulate effectively. The undersigned further notes that this single page notation is attached to treatment records and is not signed or dated, making its reliability even more tenuous.

Record at 34-35.

The administrative law judge added a description of Dr. Ifantides's later notes:

>In September 2011, Dr. Ifantides noted that the claimant was diagnosed with breast cancer and had undergone a lumpectomy (Exhibit 25F; see also records from Breast Cancer Specialists of Maine dating from August 2011 through February 2012 and showing the claimant was diagnosed with stage 0 cancer of the right beast, which was treated with lumpectomy and Tamoxifen, with no metastases or recurrence—Exhibit 29F). She was taking Tamoxifen and was understandably feeling "more down lately" (*Id.* at page 5). Nevertheless, Dr. Ifantides described the claimant's depression as "stable" and noted no other significant health issues (*Id.* at page 8).

Record at 36. The administrative law judge concluded:

>The reports of Dr. Ifantides and Ms. Lawrence have been addressed above and as noted, they are not persuasive because they are inconsistent with the contemporaneous treatment records showing the claimant [to] be relatively stable overall.

*Id.* at 37.

The plaintiff asserts that, because the administrative law judge found that her "medically determinable impairments could reasonably be expected to cause the alleged symptoms[,]" *id.* at 36, "the sole question becomes which opinions best reflect the degree of 'intensity, persistence and limiting effects of the symptoms.'" Itemized Statement at 4. This is an incorrect statement of the applicable legal standard, which requires only that the opinions adopted by the administrative law judge be supported by substantial evidence in the record. This court will not decide whether another opinion in the record better reflects the severity of the plaintiff's symptoms. *E.g., Libby v. Astrue*, No. 2:10-cv-292-JAW, 2011 WL 2940738, at *12 (D. Me. July 19, 2011).

The discussion of Dr. Ifantides's records set out above gives sufficient reasons for the administrative law judge's finding that her opinions were "unpersuasive." Those opinions did not qualify, as the plaintiff asserts, Itemized Statement at 9, for "controlling weight." A treating physician's opinions concerning limitations on a patient's work-related activities is entitled to controlling weight only when it is "well-supported by medically acceptable clinical and laboratory

5

diagnostic techniques and . . . not inconsistent with the other substantial evidence in [the claimant's] case record[.]" 20 C.F.R. § 404.1527(c)(2). Here, the record contains substantial evidence that is inconsistent with Dr. Ifantides's opinions, in the form of the state-agency physician reviewers' reports. Record at 96, 556-62.

The plaintiff contends that the administrative law judge improperly failed to discuss Dr. Ifantides's opinion that her impairments *equaled* the criteria of Listing 1.04A, rather than finding merely that those impairments did not meet those criteria. Itemized Statement at 8. Assuming *arguendo* that the plaintiff's one-paragraph presentation of this issue is sufficient, *but see Rucker v. Colvin*, Civil No. 2:13-CV-218-DBH, 2014 WL 1870731, at *5 (D. Me. May 8, 2014), an impairment "medically equals" the criteria of a listing when "the medical findings are at least equal in severity and duration of the listed findings." 20 C.F.R. § 404.1526(a). While it may well be that "it was entirely reasonable for the doctor to conclude that Ms. Briggette was just as debilitated as someone who met listing 1.04A[2] and thus *equaled* that listing[,]" Itemized Statement at 8 (emphasis in original), that assertion misstates the applicable legal test and offers only speculation. *See Burnham v. Social Sec. Admin. Com'r*, No. 1:11-cv-00246-GZS, 2012 WL 899544, at *2-*3 (D. Me. Mar. 15, 2012). It is impossible to tell from Dr. Ifantides's checking of "yes" in response to the question "do you feel that Ms. Briggette's condition meets or equals one or more of the following listings (attached)?" and writing "1.04A" in response to the follow-up question "If so, which ones:" whether Dr. Ifantides believed that one or more of the plaintiff's unspecified impairments actually met or medically equaled some unspecified criteria or medically equaled those criteria, or both. Record at 64-65. This court has previously made clear that such a cursory

---

[2] Note also that Listing 1.04 includes several specific alternative ways in which the Listing may be met, none of which are mentioned by Dr. Ifantides.

opinion may be disregarded. *E.g., Miller v. Astrue*, Civil No. 09-156-B-W, 2010 WL 1935752, at *4 (D. Me. May 20, 2010).

The administrative law judge said the following about the report from Ms. Lawrence upon which the plaintiff relies:

> In a single-page report dated March 10, 2012, psychiatric nurse practitioner Virginia Lawrence stated that the claimant's depression and anxiety would impact her ability to sustain energy, remember, concentrate, stay alert and relate to others (Exhibit 28F). When asked if she feels that "the Patient meets or equals one or more of the Social Security Listing of Impairments," [s]he checked off "yes," but did not state which listing; nor did she offer any narrative explanation as to *why* she feels the claimant's mental impairment is of listing-level severity. While she does list the claimant's symptoms, Ms. Lawrence does not explain *how* she thinks the claimant is markedly limited in any of the broad functional categories of mental functioning addressed in the listing of impairments. Perhaps most significant, however, is that Ms. Lawrence does not address the fact that the claimant has remained stable *at all times* and her symptoms have improved since initiating treatment. Finally, the undersigned notes that Ms. Lawrence is not recognized as an acceptable medical source. For these reasons, this report is not persuasive and is accorded little weight.

Record at 36 (emphasis in original). This statement of reasons for rejecting Lawrence's opinions is sufficient for the reasons discussed above in connection with Dr. Ifantides's opinions.[3]

The plaintiff asserts that the administrative law judge's failure to "address" the report of P.A. Klotz who "said that he would limit her sitting to only two hours" and "his preclusion of all stooping[,]" constitutes reversible error. Itemized Statement at 5. One of the three jobs that the administrative law judge found that the plaintiff could perform, inspector of printed circuit boards, involves no stooping, *Dictionary of Occupational Titles* § 726.684-110 (U.S. Dep't of Labor, 4th ed. rec. 1991), so any error in setting the frequency with which the plaintiff could stoop is harmless.

---

[3] The administrative law judge's statement in the quoted passage that "the claimant has remained stable at all times *and* her symptoms have improved since initiating treatment," Record at 36 (original emphasis omitted and new emphasis added), demonstrates through the use of the conjunctive that, contrary to the plaintiff's contention, Itemized Statement at 8-9, 10, the administrative law judge does not read the word "stable" to mean that a patient's condition has improved.

7

Dr. Trumbull, upon whose report the administrative law judge relied, reviewed Klotz's report and rejected the two-hour limit. Record at 556, 561. Thus, again, any error in failing to address this particular opinion is also harmless.

The plaintiff makes much of perceived "internal inconsisten[cies]" by which "the DDS reviewers . . . simultaneously asserted that they agreed with [Klotz's] restrictions . . . but then set out different restrictions." Itemized Statement at 5. The only inconsistencies actually identified by the plaintiff are the two differences discussed herein in the preceding paragraph. *Id*. at 2. Neither of the DDS reviewers, Dr. Layne and Dr. Trumbull, said that they adopted all of the restrictions set out by Klotz. Record at 96-100, 555-562. The plaintiff has not demonstrated any reversible error in the alleged failures of Drs. Layne and Trumbull or the administrative law judge to explain their differences with Klotz on these two points. In addition, and contrary to the assertion of the plaintiff's attorney at oral argument, an administrative law judge is not required to address individually each and every finding or conclusion of a treating source. *Bisbee v. Colvin*, No. 2:13-CV-95-GZS, 2014 WL 294495, at *6 (D. Me. Jan. 27, 2014); *see also Morris v. Commissioner, Soc. Sec. Admin.*, Civil No. SAG-12-3729, 2013 WL 5883383, at *2 (D. Md. Oct. 29, 2013). .

Finally, the plaintiff contends that the administrative law judge must have "derived the physical RFC, at least in part, based upon her own lay assessment of the medical evidence." Itemized Statement at 5. This, of course, is not permitted. *Gordils v. Secretary of Health & Human Servs.*, 921 F.2d 327, 329 (1st Cir. 1990). The plaintiff argues that this is so because the administrative law judge only gave "some" weight to the opinions of Drs. Trumbull and Layne "without ever mentioning the inconsistenc[ies]" discussed above and failed to explain how she arrived at the physical RFC that she adopted. First, it is well settled that an administrative law

judge may choose portions of an RFC from the opinions of different sources, as the administrative law judge did here. *Cox v. Astrue*, No. 2:10-cv-26-DBH, 2010 WL 5260843, at *2 (D. Me. Dec. 16, 2010).

In fact, all of the limitations included in the RFC assigned to the plaintiff may be found in the opinions upon which she relied. Record at 99-100, 555-59. While the administrative law judge did not specify which particular limitation she was adopting from which specific report, remand for the failure to do so would exalt form over substance. The error, if any, is harmless.

### B. Cancer-Caused Limitations

The plaintiff characterizes the administrative law judge's failure "to make the corresponding findings of any limitations on physical or mental abilities" arising from the plaintiff's resolved breast cancer, which the administrative law judge found to be a severe impairment, entitles her to remand. Itemized Statement at 12. "The proper findings would have been reduced cognition, a recognized side effect of the Tamoxifen [the plaintiff] was treated with and migraine headaches." *Id*. The plaintiff cites only to her own testimony in support of this assertion, and her testimony was that she could not tell which of her medications cause the migraine headaches. Record at 71. She provides no citation to the record for evidence of medication-induced reduced cognition.

Strictly speaking, the plaintiff is talking about a failure to include the side effects of medication in her RFC analysis, rather than considering whether breast cancer itself caused any limitations on her work-related activities. Further, a finding that a particular impairment is severe does not necessarily require in a finding of related limitations on the ability to perform work-related functions. *Courtney v. Colvin*, Civil No. 2:13-cv-72-DBH, 2014 WL 320234, at *4 (D. Me. Jan. 29, 2014).

9

The plaintiff takes nothing by this argument.

### C. Fibromyalgia

The plaintiff next asserts that the administrative law judge "simply refused to believe that [the plaintiff] was actually in chronic, widespread pain." Itemized Statement at 13. Citing *Johnson v. Astrue,* 597 F.3d 409 (1st Cir. 2010), she faults the administrative law judge for failing to apply a "presumption" of chronic widespread pain that she believes arises as soon as fibromyalgia is accepted as a severe impairment. *Id*. at 14. In addition, she argues that *Johnson* requires the administrative law judge to ignore the reports of the state-agency reviewers in this regard because they focused on objective evidence of the causes of pain, which are by definition unavailable with fibromyalgia. *Id*. She suggests that the administrative law judge "simply did not understand that fibromyalgia does not show abnormalities in strength, reflexes, sensation, or range of motion." *Id*.

Contrary to the plaintiff's suggestion, the administrative law judge was not required to accept her testimony about pain-based limitations once she found the plaintiff's fibromyalgia to be a severe impairment. *Bisbee* 2014 WL 294495 at *6. While it is certainly error to discount alleged fibromyalgia-related limitations on the basis of a lack of objective findings, *e.g., Downs v. Commissioner, Soc. Sec. Admin.*, No. 2:13-CV-02-DBH, 2014 WL 220697, at *5 (D. Me. Jan. 21, 2014), the plaintiff has not shown that this was done in this case, nor that it was not at most a harmless error.

The plaintiff has not identified any specific limitations stemming from her fibromyalgia that the administrative law judge was required to include in her RFC. Many, if not all, of the physical limitations specified by her providers were stated to result from her degenerative disc disease rather than her fibromyalgia. *E.g.*, Record at 552, 620-21. Without more, this court can

only conclude that any error in this regard by the administrative law judge was harmless. *Dana v. Astrue*, Civil No. 09-514-B[-]W, 2010 WL 3397465, at *2 (Aug. 24, 2010).

### D. Credibility

The plaintiff devotes eight pages of her 24-page itemized statement to an argument that the administrative law judge "failed to make the required analysis" of the factors to be considered in the evaluation of a claimant's credibility, accusing her of "discussing, but not analyzing, the history." Itemized Statement at 15-23. She cites no authority holding the "discussing but not analyzing" dichotomy that she finds in the administrative law judge's opinion to be cause for remand.

I begin with settled concepts. An administrative law judge's credibility determination is entitled to deference, particularly when it is supported by substantial evidence. *Frustaglia v. Secretary of Health & Human Servs.*, 829 F.2d 192, 195 (1st Cir. 1987). An applicable regulation provides a list of factors that frame the credibility analysis, including: daily activities,; the location, duration, frequency, and intensity of pain symptoms; precipitating and aggravating factors; type, dosage, effectiveness, and side effects of pain medication; other treatment; other measures to relieve pain; and any *ad hoc* factors that might deserve consideration. 20 C.F.R. § 404.1529(c)(3). In addition, "[t]his court has rejected the notion that an administrative law judge must slavishly discuss all factors relevant to analysis of a claimant's credibility and complaints of pain in order to make a supportable credibility finding." *Vining v. Astrue*, 720 F.Supp.2d 126, 138 (D. Me. 2010).

The plaintiff nonetheless addresses each of the factors individually. Itemized Statement at 15-23. As the defendant notes, Opposition at 14, the administrative law judge's discussion of the plaintiff's credibility is not limited to the statements that "[t]he record does not support the

11

claimant's allegations in their entirety[,]" Record at 33, and that "the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment." *Id*. at 36.

The administrative law judge discussed the plaintiff's activities of daily living and found that they were mildly restricted, *id.* at 30, 36. The plaintiff lists much of the administrative law judge's discussion of the location, duration, frequency, and intensity of her pain and other symptoms, Itemized Statement at 16-17. The plaintiff does not point out any discussion of the factors that precipitate and aggravate the plaintiff's symptoms, and my review of the opinion found only the death of the plaintiff's mother and conflicts with family described in such terms. Record at 35.

The administrative law judge discusses the medications prescribed for and taken by the plaintiff over time in considerable detail. *E.g.*, *id*. at 33, 34, 35, 36. The plaintiff asserts that the administrative law judge "failed to make any assessment of the significance of the type or dosage of the medicines or the effectiveness or side effects of the medications[,]" but her recitation of specific instances of such a failure is limited to "ma[king] no finding regarding" Dr. Ifantides's statement that medications taken in July 2011 would cause fatigue, headaches, and restlessness and "ma[king no allowance for such symptoms in her RFC." Itemized Statement at 18. She also faults the administrative law judge for failing to "comment on the side effects of the Tamoxifen." *Id*.

First, I disagree with the plaintiff's foundational assertion. The types, significance, and effectiveness of several medications are specifically discussed in the opinion. Record at 33, 34, 35, 36. Whether or not the side effects of medication are included in an RFC is an issue unrelated to the evaluation of a claimant's credibility. The plaintiff fails, in any event, to specify how

12

"making allowance" for fatigue, headaches, restlessness, and the side effects of Tamoxifen from which the plaintiff has demonstrated that she suffered, if any, would change the RFC in a way that would change the outcome of this case.

The plaintiff next addresses the treatment she has received other than medication, admitting that the administrative law judge "put her primary emphasis" on this factor. Itemized Statement at 19. She contends that, contrary to the administrative law judge's findings, her symptoms were getting worse after the alleged date of onset of disability, April 1, 2010. *Id.* However, the administrative law judge noted several instances of improvement with treatment after that date. *E.g.,* Record at 33 (electrodiagnostic studies in December 2010 were completely negative); 34 (July 2010 report of Klotz: radiofrequency ablation with relief lasting 8-12 months, carpal tunnel surgery resulted in significant improvement in symptoms; pain overall was better); 35 (mental health treatment beginning in April 2010, in which plaintiff did very well and had some resolution of symptoms; individual counseling after May 28, 2010, resulted in improved mood, better concentration, and decreased hypomania; after November 2010, new counselors stated that mental status remained within normal limits at all visits; in 2011, visits became sporadic, plaintiff more engaged, less guarded, more relaxed, and emotionally stronger).

With respect to the "other measures" and "any other" factors, the plaintiff complains that the administrative law judge "did not make any specific analysis" of this factor. Itemized Statement at 21. It is the very nature of this factor that there may be no "other measures" or "other factors" to be considered. The plaintiff identifies no measures or factors upon which she contends that the administrative law judge was required to comment, making further consideration of her brief claim with respect to these factors impossible.

On the showing made, the plaintiff has not established that defects in the administrative law judge's treatment of her credibility entitle her to remand. *See Crocker v. Astrue*, No. 07-220-P-S, 2008 WL 2775980, at *6 (D. Me. June 30, 2008) (remand sought by plaintiff based on failure of ALJ to discuss some of the credibility factors and misconstruing medical records denied, finding that ALJ treated issue adequately).

Throughout this section of her itemized statement, the plaintiff repeats her "discussing not analyzing" characterization as a reason for remand. It is not clear what she means by positing this dichotomy. She is not entitled to remand if the administrative law judge failed to say, each time she set out evidence that was inconsistent with the plaintiff's claims, "and this evidence is inconsistent with the plaintiff's testimony that" some specific symptom was disabling. In most instances, the inconsistency is clear on the face of the opinion. Remand for failure to state explicitly that evidence A and testimony B were inconsistent would be an empty exercise under these circumstances. As noted above, the plaintiff cites no authority for this foundational aspect of her attack on the administrative law judge's consideration of her credibility.

## II. Conclusion

For the foregoing reasons, I recommend that the commissioner's decision be **AFFIRMED.**[4]

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

---

[4] The plaintiff asks that the court "remand this case solely for calculation and payment of benefits" if it finds that "the opinion of the treating physician should have been given controlling weight[.]" Itemized Statement at 23. I do not reach this issue, but note that the request appears to be inconsistent with *Seavey v. Barnhart*, 276 F.3d. 1, 11 (1st Cir. 2001).

***Failure to file a timely objection shall constitute a waiver of the right to <u>de</u> <u>novo</u> review by the district court and to appeal the district court's order.***

Dated this 29th day of June, 2014.

<u>/s/  John H. Rich III</u>
John H. Rich III
United States Magistrate Judge
